Dear Mr. Landry:
This office is in receipt of your request for an opinion of the Attorney General in regard to the applicability of civil service to the Iberia Parish Fire Protection District No. 1. You indicate the Fire Protection District currently employs four full-time employees, being a coordinator and three full-time firefighters. The Fire Department is additionally staffed by a large number of volunteer firefighters.
Your questions are as follows:
 1. Do civil service requirements apply to the paid fireman and coordinator for the Iberia Parish Fire Protection District No. 1 and is it necessary that the Parish establish a civil service board to oversee these employees; and
 2. What constitutes a "regularly paid fire department" as stipulated in the law which creates and establishes classified fire and police civil service.
Article X, Section 16 La. Const. 1974, provides as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department. (Emphasis added.)
The requirement for civil service for firefighters applies to a "regularly paid fire department", and in your second question you ask what constitutes a regularly paid fire department.
In Atty. Gen. Op. No. 93-728(A) this office observed there is no jurisprudential or statutory authority defining a "regularly paid fire department", and found an ambiguity exists since the term is susceptible to varying interpretations. Therefore, it was concluded the doctrine of contemporaneous construction was applicable which provides when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in determining the meaning of the legislative enactment.
You indicate that the administration for civil service for firemen and policemen has interpreted the provision relative to what constitutes a regular paid fire department to mean that any person in classified service who is compensated for his services constitutes a paid fire department, and this is the interpretation we must accept.
You recognize the answer to your first question would hinge upon whether or not the Iberia Parish Fire Protection District No. 1 operates a regularly paid fire department. Based upon an interpretation that any paid full-time firefighters constitutes a regularly paid fire department, it follows by the use of the word "shall" in Art. X, Sec. 16. La. Const., that it is mandatory there be the establishment of a fire and police civil service system by the employment of these four full-time firefighters.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR